THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CV-00558-FL

| | |
|---|---|
| CHARLES ANTHONY WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER AND |
| ) | MEMORANDUM AND |
| JEFFREY CANADY, MR. DUNN, ) | RECOMMENDATION |
| ADREN L. HARRIS, and JOHNSTON ) | |
| COUNTY SHERIFF, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court to conduct a frivolity review of Plaintiff's complaint [DE-1], pursuant to 28 U.S.C. § 1915A, and on Plaintiff's motions to appoint counsel [DE-2, 9 & 12]. For the reasons that follow, the court finds that Plaintiff's complaint is sufficient to withstand frivolity review on his claims under 42 U.S.C § 1983 for violations of this Fourth, Eighth, and Fourteenth Amendment rights, but that Plaintiff has failed to state a Fifth Amendment *Miranda* claim or a malicious prosecution claim against Defendant Adren L. Harris. Further, the court finds that Plaintiff is not entitled to have counsel appointed.

I.  Frivolity Review

   a. Standard of Review

"The court shall review, before docketing, if feasible . . ., a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint— (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks

monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). A case is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A plaintiff fails to state a claim when it appears certain that the plaintiff cannot prove any set of facts which would entitle him or her to relief, and the court must accept all well-pled allegations and review the complaint in a light most favorable to plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). *Pro se* complaints are entitled to more liberal treatment than pleadings drafted by attorneys. *White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989). However, facts must be alleged with specificity. *Id.* at 724.

### b. Statement of the Facts

Plaintiff alleged the following relevant facts in this complaint: A Johnston County Sheriff's Officer approached Plaintiff while he was in his vehicle parked in a yard in Harnett County, North Carolina. The officer opened Plaintiff's car door, presumably removed Plaintiff or asked him to exit the vehicle, and placed Plaintiff in handcuffs. Plaintiff was not advised as to why he was being detained and was not advised of his *Miranda* rights. The officer then patted down Plaintiff and found marijuana and crack cocaine on his person. There were approximately ten Johnston County law enforcement officers present, and an unknown number of those officers had their guns drawn and pointed at Defendant while he was handcuffed. Plaintiff was placed in a Johnston County police vehicle and was taken to jail where he was held for 15 days.

Plaintiff further alleged that he was accused of possessing over 28 grams of cocaine when he actually possessed far less. He also claimed that he was harassed and pressured to provide information to law enforcement regarding his drug source and offered a deal to cooperate. Finally, Plaintiff claimed that he was threatened with unspecified harm if he failed to cooperate by naming his drug source. Plaintiff has asked the court to award $1,000,000 in damages and to

dismiss all charges. It appears that Plaintiff was convicted on the charges related to his arrest and is currently incarcerated at Bertie Correctional Institution in Windsor, North Carolina.

### c. Analysis

Taking the facts in the light most favorable to the Plaintiff, as the court must at this stage, the court finds that Plaintiff has stated a cognizable claim under 42 U.S.C § 1983. Plaintiff alleged that he was detained and searched without cause, which is sufficient to state a claim for violation of his Fourth Amendment right to be free from unreasonable searches and seizures. Plaintiff also alleged that some unspecified number of officers pointed their guns at him while he was handcuffed. This allegation, viewed in the light most favorable to the *pro se* Plaintiff, is sufficient to assert an Eighth Amendment excessive force claim. The court does note the possibility that Plaintiff's claims may be barred by issue preclusion if in fact the same issues raised here were previously decided in his criminal case, but is unable to make such a judgment based on the record at this time. *See Todd v. Baskerville*, 712 F.2d 70, 74 (4th Cir. 1983) (affirming dismissal of 1983 action; "[T]he claims of the plaintiff in this case were manifestly barred because it appeared on the face of the complaint and the court records that the issues posed by the complaint had been raised and determined judicially against the plaintiff on direct appeals from his conviction . . . .").

Plaintiff also claimed that he was not advised of his *Miranda* rights. This would only violate his Fifth Amendment right against self-incrimination if he was subjected to a custodial interrogation. Plaintiff alleged that Defendants were calling his home daily and asking him to provide the name of his drug source. While this could be construed as interrogation, it appears Plaintiff was not in custody at the time. He also alleged Defendants questioned him in the

3

presence of his attorney, which would not violate his constitutional rights. Therefore, the court finds that Plaintiff has not sufficiently stated a Fifth Amendment claim.

In addition to Plaintiff's claims against law enforcement, he has also sued the prosecutor, Adren L. Harris, and alleged that he was charged with a greater drug weight than was found on his person. To the extent Plaintiff attempts to bring a malicious prosecution claim, it must fail as a matter of law based on Plaintiff's conviction of the underlying criminal offense. One element of a malicious prosecution claim is that the earlier proceeding be terminated in favor of the plaintiff. *Paschal v. United States*, No. 5:08-CV-341-H, 2009 WL 1270000, at *3 (E.D.N.C. May 6, 2009) (citing *Kirschbaum v. McLaurin Parking Co.*, 656 S.E.2d 683, 687-88 (N.C. Ct. App. 2008)). Accordingly, the court finds that Plaintiff has not sufficiently stated a malicious prosecution claim and that Defendant Harris should be dismissed, as it appears that there are no other claims alleged against Harris.

The court finally notes that while the remaining Defendants may have immunity defenses, it cannot presently be determined that the remaining Defendants are immune from suit. It also appears that none of the remaining Defendants are absolutely immune from a monetary judgment. Lastly, the court notes that Plaintiff may not obtain release from custody pursuant to § 1983. To the extent Plaintiff seeks release, he may, subject to exhausting his state court remedies, file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973) ("Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983.")

Therefore, the court finds that Plaintiff has alleged sufficient facts to survive frivolity review on his claims under 42 U.S.C § 1983 for violations of this Fourth, Eighth, and Fourteenth

Amendment rights and it is **RECOMMENDED** that that those claims be allowed to proceed. However, the court further finds that Plaintiff has failed to state a Fifth Amendment *Miranda* claim or a malicious prosecution claim, and it is further **RECOMMENDED** that those claims be **DISMISSED** and that Defendant Adren L. Harris be **DISMISSED** from this action.

## II. Motions to Appoint Counsel [DE-2, 9 & 12]

Plaintiff contends he cannot afford to hire counsel and that his incarceration will limit his ability to litigate his case because he has limited access to the law library. Pl.'s Second Mot. to Appt. Counsel ¶¶ 1-2 [DE-9]. "[T]here is no absolute right to appointment of counsel; a plaintiff must present exceptional circumstances. Exceptional circumstances exist where a pro se litigant has a colorable claim but lacks the capacity to present it." *Hall v. Holsmith*, No. 09-6288, 2009 WL 2171242, at *1 (4th Cir. July 21, 2009) (internal citations and quotation marks omitted). The claims alleged by Plaintiff are not complicated, and based on Plaintiff's complaint and motions filed in this case, he has demonstrated an ability to present his claims. Furthermore, Plaintiff's *in forma pauperis* application was denied and, therefore, it is not clear that he is financially unable to retain counsel. Accordingly, Plaintiff's motions to appoint counsel are **DENIED**.

## CONCLUSION

It is **RECOMMENDED** that Plaintiff's claims under 42 U.S.C § 1983 for violations of this Fourth, Eighth, and Fourteenth Amendment rights be allowed to proceed. However, it is further **RECOMMENDED** that Plaintiff's Fifth Amendment *Miranda* claim and malicious prosecution claim be **DISMISSED** and that Defendant Adren L. Harris be **DISMISSED** from this action. Plaintiff's motions to appoint counsel [DE-2, 9 & 12] are **DENIED**.

The Clerk shall send a copy of this Memorandum and Recommendation to the *pro se* Plaintiff, who shall have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

This the 21st day of April, 2011.

DAVID W. DANIEL
United States Magistrate Judge