IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CV-558-FL

| | | |
|---|---|---|
| CHARLES A. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JEFFREY CANADY, MR. DUNN, and | ) | |
| ADREN L. HARRIS, | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court for frivolity review pursuant to 28 U.S.C. § 1915A. The court's review is conducted with benefit of the memorandum and recommendation ("M&R") filed on April 22, 2011, by United States Magistrate Judge David W. Daniel, pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b). The magistrate judge determined that plaintiff's complaint was sufficient to allow him to proceed on his Fourth, Eighth, and Fourteenth Amendment claims pursuant to 42 U.S.C. § 1983, but that his Fifth Amendment Miranda claim and malicious prosecution claim against defendant Adren Harris were frivolous. The magistrate judge also denied plaintiff's motions for appointment of counsel.

Plaintiff filed objections to the M&R on May 3, 2011. He asserts that he stated a valid Miranda claim where he was not read his rights at arrest, and was questioned over the phone by defendants while he was on bail. He also contends that the magistrate judge erred in concluding that his malicious prosecution claim failed because he was convicted on the charges related to his arrest. Plaintiff insists that the charges were dismissed by the prosecutor, defendant Harris, because

laboratory reports indicated that he possessed only 27.6 grams of crack cocaine and 35 grams of marijuana, not the 28 grams of crack cocaine necessary to bring the drug trafficking charges defendant Harris apparently first asserted. Finally, plaintiff challenges the magistrate judge's order denying him appointed counsel.

The court has conducted a *de novo* review of those aspects of the M&R to which plaintiff objects, see 28 U.S.C. § 636(b)(1)(C), and has reviewed the magistrate judge's order on plaintiff's motions to appoint counsel for clear error, see id. § 636(b)(1)(A). Upon *de novo* review, the court concludes that plaintiff's Miranda claim is frivolous, because "Section 1983 does not provide remedies for violations of judicially created prophylactic rules, such as the rule of Miranda . . . ." Chavez v. Martinez, 538 U.S. 760, 780 (2003) (Scalia, J., concurring in the judgment); see also Burrell v. Virginia, 395 F.3d 508, 513-14 (4th Cir. 2005) (noting that a Fifth Amendment claim fails under the various opinions in Chavez where plaintiff "does not allege any *trial* action that violated his Fifth Amendment rights" and he makes no "power showing" of the necessity of a separate § 1983 suit to vindicate his Miranda rights).

The court also concludes that plaintiff's malicious prosecution claim should be dismissed for failure to state a claim. The Fourth Circuit has held that a "[c]ommon law malicious prosecution is not itself redressable under § 1983." Lambert v. Williams, 223 F.3d 257, 260 (4th Cir. 2000). To the extent plaintiff brings an independent state law claim of malicious prosecution against defendant Harris, he must allege "(1) [that Harris] initiated the earlier proceeding; (2) malice on the part of [Harris] in doing so; (3) lack of probable cause for the initiation of the earlier proceeding; and (4) termination of the earlier proceeding in favor of the plaintiff." Best v. Duke Univ., 337 N.C. 742, 749, 448 S.E.2d 506, 510 (1994). The court will assume for purposes of plaintiff's objections that

2

the charges against him were dismissed, which meets the fourth element of this test. However, even liberally construed, plaintiff's complaint contains no allegations that plausibly support the inference that Harris acted with malice in prosecuting defendant for drug and habitual felon offenses, or that he lacked probable cause to initiate the prosecution, where plaintiff was found in possession of 27.6 grams of crack cocaine and 35 grams of marijuana.

Finally, the court concludes that the magistrate judge did not err in denying plaintiff's motions for appointment of counsel. There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for *pro se* civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him."). Despite plaintiff's protestations to the contrary, the court agrees with the magistrate judge that plaintiff's action is not complex and that he has thus far demonstrated an ability to adequately present his claims.

Accordingly, for the reasons set forth above, the court ADOPTS the findings and recommendations of the magistrate judge in full and AFFIRMS the magistrate judge's order on plaintiff's motions for appointment of counsel. Plaintiff's malicious prosecution claim and Miranda claim are DISMISSED. Where no other claims are pending against defendant Adren Harris, he is likewise DISMISSED from this action.

3

Absent objection, and upon a considered review of the relevant portions of the M&R, plaintiff's Fourth, Eighth, and Fourteenth Amendment claims pursuant to 42 U.S.C. § 1983 are ALLOWED to proceed against defendants Jeffrey Canady and Mr. Dunn. The Clerk of Court is DIRECTED to issue summonses for these defendants.

SO ORDERED, this the 17th day of May, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge

4

Case 5:10-cv-00558-FL   Document 15   Filed 05/18/11   Page 4 of 4