IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CV-558-FL

| | | |
|---|---|---|
| CHARLES A. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JEFFREY CANADY, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on defendants' motion to dismiss (DE # 20). Plaintiff responded on July 20, 2011. Also before the court are plaintiff's motions to appoint counsel (DE ## 28, 33) and to compel discovery (DE ## 37, 41, 34, 35). The issues raised are ripe for adjudication.

## STATEMENT OF THE CASE

On December 8, 2010, plaintiff filed suit against Jeffrey Canady, Mr. Dunn, and Adren L. Harris. The court construed plaintiff's claims as arising under 42 U.S.C. § 1983. Upon frivolity review pursuant to 28 U.S.C. § 1915A, the court dismissed plaintiff's fifth amendment claim and dismissed defendant Adren Harris from this action. The court allowed to proceed plaintiff's claims against Jeffrey Canady and Mr. Dunn (collectively, "defendants") for unreasonable search and seizure and excessive force.

On June 21, 2011, defendants filed motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim. In the alternative, defendants request a stay pending completion of a related state criminal proceeding.

Plaintiff moved to appoint counsel on December 8, 2010, and again on January 21, 2011. The court denied these motions. Plaintiff subsequently moved to appoint counsel on July 6, 2011, and again on August 9, 2011. Plaintiff has also filed several motions to compel discovery (DE ## 37, 41, 34, 35). On October 18, 2011, the court stayed discovery pending adjudication of defendants' motion to dismiss.

### STATEMENT OF FACTS

Plaintiff alleges the following facts: A Johnston County Sheriff's Officer approached plaintiff while he was in his vehicle parked in a yard in Harnett County, North Carolina. The officer opened plaintiff's car door, presumably removed plaintiff or asked him to exit the vehicle, and placed plaintiff in handcuffs. Plaintiff was not advised as to why he was being detained and was not advised of his Miranda rights. The officer then patted down plaintiff and found marijuana and crack cocaine on his person. There were approximately ten Johnston County law enforcement officers present, and an unknown number of those officers had their guns drawn and pointed at plaintiff while he was handcuffed. Plaintiff was placed in a Johnston County police vehicle and was taken to jail where he was held for 15 days.

Plaintiff further alleges that he was accused of possessing over twenty-eight (28) grams of cocaine when he actually possessed less. He also claims that he was harassed and pressured to provide information to law enforcement regarding his drug source and was offered a deal to cooperate. Finally, plaintiff claims that he was threatened with unspecified harm if he failed to

2

Case 5:10-cv-00558-FL   Document 44   Filed 10/28/11   Page 2 of 5

cooperate by naming his drug source. Plaintiff has asked the court to award $1,000,000 in damages and to dismiss all charges.

The Clerk of Court has confirmed that a state criminal prosecution of plaintiff, arising out of the same incident at issue here, is scheduled for trial in the Superior Court of Harnett County on December 5, 2011.

## DISCUSSION

A.  Plaintiff's Motions for Appointment of Counsel

Plaintiff moves for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). In order dated April 22, 2011, the court denied plaintiff's earlier motions to appoint counsel. The court finds no good cause to depart from its earlier ruling. Accordingly, plaintiff's motions for appointment of counsel are denied.

B.  Defendant's Motion to Dismiss or to Stay

Defendants' move to dismiss or to stay this action pending resolution of the related state criminal prosecution. As discussed more fully below, the court finds that a stay is appropriate.

When a § 1983 action is brought in federal court by a defendant in a pending state-court criminal action, challenging on constitutional grounds the conduct of the state officials in investigating or prosecuting the state action, Younger v. Harris, 401 U.S. 37 (1971) and its progeny require the federal court to abstain where granting the requested relief would require adjudication of federal constitutional issues involved in the pending state action. Traverso v. Penn, 874 F.2d 209, 212 (4th Cir. 1989). A stay, rather than dismissal, is the proper action when the § 1983 plaintiff seeks monetary damages. Suggs v. Brannon, 804 F.2d 274, 280 (4th Cir. 1986). Younger abstention is appropriate where there is "(1) an ongoing state judicial proceeding, instituted prior to any

3

substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides an adequate opportunity for the plaintiff to raise the federal constitutional claim advanced in the federal lawsuit." Nivens v. Gilchrist, 319 F.3d 151, 153 (4th Cir. 2003) (Nivens I).

Here, the Younger standards are met and abstention is appropriate. First, a state criminal prosecution of plaintiff, arising out of the same incident at issue here, is scheduled for trial in Harnett County on December 5, 2011, as confirmed by the Clerk of Court. Furthermore, progress in this federal proceeding has not been substantial. Second, plaintiff's pending criminal trial is the type of proceeding which implicates important state interests. See Nivens I, 319 F.3d 151, 154 (noting that a state has an important interest in enforcing its criminal laws). Finally, plaintiff will likely have the opportunity in the state action to raise his constitutional claims. Nivens v. Gilchrist, 444 F.3d 237, 241 (4th Cir. 2006) (Nivens II) ("in a typical state criminal trial a defendant can raise his constitutional claims as a defense to prosecution" and thus "has an adequate remedy at law.").

Accordingly, the court abstains pursuant to Younger and stays this action pending completion of the state prosecution. See Suggs, 804 F.2d at 280. Plaintiff may file motion within fourteen (14) days of entry of this order to show cause why said stay should be lifted. The parties are directed to file a status report within fourteen (14) days of resolution of the state prosecution, or by January 1, 2012, whichever date is earlier.

C. Discovery

In light of the stay, plaintiff's motions to compel discovery (DE ## 37, 41, 34, 35) are dismissed without prejudice. In addition, the court, having had cause to review the entirety of the docket, sets aside the initial order regarding planning and scheduling (DE # 29). A new initial order

4

will be issued when the court lifts the stay and reinstates this action.

## CONCLUSION

For the foregoing reasons,

1. Plaintiff's motions to appoint counsel (DE ## 28, 33) are DENIED;

2. Defendant's motion to dismiss (DE # 20) is GRANTED in part and DENIED in part; the court ABSTAINS and STAYS this action in light of the pending prosecution in state court;

3. In light of the stay, plaintiff's motions to compel (DE ## 37, 41, 34, 35) are DISMISSED without prejudice.

4. The court VACATES its July 12, 2011 initial order regarding planning and scheduling; and

5. The parties are DIRECTED to file a status report with this court within fourteen (14) days of resolution of the state prosecution, or by January 1, 2012, whichever date is earlier.

SO ORDERED, this the 27th day of October, 2011.

LOUISE W. FLANAGAN
United States District Judge

5