IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CV-558-FL

| | | |
|---|---|---|
| CHARLES A. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JEFFREY CANADY, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the court on its own initiative, where plaintiff recently has filed three documents with the court: a notice [DE 106], a status report [DE 107] and motion, which this court has construed as a motion for temporary restraining order and preliminary injunction [DE 108]. On October 28, 2011, this action was stayed pursuant to Younger v. Harris, 401 U.S. 37 (1971) and its progeny, where prosecution of plaintiff in North Carolina state court, rooted apparently in the same events at issue in this § 1983 action, was ongoing and initially set to proceed to trial in October 2011. The parties were required periodically to submit status reports as to the progress of the state prosecution, and upon the parties' most recent status report, the court entered order on February 19, 2013, directing defendants to file a status report by May 1, 2013.

**STATEMENT OF THE CASE**

In light of the recent filings by plaintiff, the court finds utility in reiterating the pertinent the background of the case and the present status of the litigation.

Plaintiff filed complaint in this case On December 8, 2010, against Jeffrey Canady, Mr. Dunn, and Adren L. Harris. The court construed plaintiff's claims as arising under 42 U.S.C. § 1983. Upon frivolity review pursuant to 28 U.S.C. § 1915A, the court dismissed plaintiff's fifth amendment claim and dismissed defendant Adren Harris from this action. The court allowed to proceed plaintiff's claims under the Fourth, Eighth, and Fourteenth Amendment, against Jeffrey Canady and Mr. Dunn (collectively, "defendants") for unreasonable search and seizure and excessive force.

On June 21, 2011, defendants filed motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim. In the alternative, defendants requested a stay pending completion of a related state criminal proceeding. Having confirmed through the Clerk of Court that a state criminal prosecution of plaintiff, arising out of the same incident at issue in this case, was scheduled for trial in Harnett County Superior Court in December, 2011, and recognizing that a stay, rather than dismissal, was the proper action where a § 1983 plaintiff seeks monetary damages, the court stayed this matter pursuant to Younger. The court directed the parties to file a status report within fourteen days of the resolution of the state prosecution, or by January 1, 2012, whichever came earlier. The parties have filed status reports and the court has continued the stay in this case, based on representations that criminal proceedings related to the matter at issue in this case remain pending in Harnett County Superior Court. Most recently, defendants filed status report stating that plaintiff has the following five separate criminal cases pending:

- 2009 CRS 004475 - possession with intent to sell and deliver cocaine (felony), possession with intent to sell and deliver marijuana (felony), possession of drug paraphernalia (misdemeanor) and driving while license revoked (traffic); is scheduled for February 18, 2013 in Harnett County Superior Court;

2

- 2009 CRS 050043 - possession with intent to sell and deliver marijuana (felony), felony possession of cocaine (felony) and resisting a public officer (misdemeanor); is scheduled for March 4, 2013 in Harnett County Superior Court;

- 2009 CRS 054113 - sell cocaine (felony) and deliver cocaine (felony); is scheduled for February 18, 2013 in Harnett County Superior Court;

- 2010 CRS 050088 - common law robbery (felony) and driving while license revoked (traffic); is scheduled for March 4, 2013 in Harnett County Superior Court; and

- 2011 CRS 000644 - habitual felon (felony); is scheduled for February 18, 2013 in Harnett County Superior Court.

Plaintiff's most recent filings reflect continued activity in several of these cases, particularly, 2009 CRS 004475, 2011 CRS 000644, and 2009 CRS 054113. See DE 106, 107.

## STATEMENT OF FACTS

Plaintiff alleges the following facts in his complaint: At an unspecified date and time, a Johnston County Sheriff's Officer approached plaintiff while he was in his vehicle parked in a yard in Harnett County, North Carolina. The officer opened plaintiff's car door, presumably removed plaintiff or asked him to exit the vehicle, and placed plaintiff in handcuffs. Plaintiff was not advised as to why he was being detained and was not advised of his Miranda rights. The officer then patted down plaintiff and found marijuana and crack cocaine on his person. There were approximately ten Johnston County law enforcement officers present, and an unknown number of those officers had their guns drawn and pointed at plaintiff while he was handcuffed. Plaintiff was placed in a Johnston County police vehicle and was taken to jail where he was held for 15 days.

Plaintiff further alleges that he was accused of possessing over twenty-eight (28) grams of cocaine when he actually possessed less. He also claims that he was harassed and pressured to provide information to law enforcement regarding his drug source and was offered a deal to

3

cooperate. Finally, plaintiff claims that he was threatened with unspecified harm if he failed to cooperate by naming his drug source. Plaintiff has asked the court to award $1,000,000 in damages and to dismiss all charges.

## DISCUSSION

### A. Stay pursuant to Younger

As set forth in the court's October 28, 2011, order establishing the stay, when a § 1983 action is brought in federal court by a defendant in a pending state-court criminal action, challenging on constitutional grounds the conduct of the state officials in investigating or prosecuting the state action, Younger v. Harris, 401 U.S. 37 (1971) and its progeny require the federal court to abstain where granting the requested relief would require adjudication of federal constitutional issues involved in the pending state action. Traverso v. Penn, 874 F.2d 209, 212 (4th Cir. 1989). A stay, rather than dismissal, is the proper action when the § 1983 plaintiff seeks monetary damages. Suggs v. Brannon, 804 F.2d 274, 280 (4th Cir. 1986). Younger abstention is appropriate where there is "(1) an ongoing state judicial proceeding, instituted prior to any substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides an adequate opportunity for the plaintiff to raise the federal constitutional claim advanced in the federal lawsuit." Nivens v. Gilchrist, 319 F.3d 151, 153 (4th Cir. 2003) (Nivens I).

At this juncture, the court finds reason to require further information from defendants bearing on whether, and on what basis, a continued stay pursuant to Younger is warranted. As noted above, defendants have listed five separate criminal actions pending against plaintiff in Harnett County Superior Court. The first listed, 2009 CRS 004475, appears to correspond most closely to the facts alleged in the present complaint, where plaintiff alleges unlawful seizure of cocaine and marijuana

4

and unlawful prosecution based thereon, as 2009 CRS 004475 involves charges related to possession of cocaine and marijuana. The next two listed, 2009 CRS 050043, and 2009 CRS 054113, also involve possession of cocaine and marijuana, but it is unclear whether these charges are based upon the same search and seizure alleged in the complaint. The last two listed actions, 2010 CRS 050088, and 2011 CRS 000644, do not, on their face, involve cocaine and marijuana charges.

The court has confirmed, based upon North Carolina State Court system public online records, that case No. 2009 CRS 004475, remains pending in Harnett County, and that a court date is set in the case for March 18, 2013, on charges related to possession of cocaine and marijuana, as well as possession of drug paraphernalia, and driving while licensed revoked.[1] The court is unable to confirm, however, whether the underlying charged conduct arose out of the search and seizure alleged in the complaint. Accordingly, the court AMENDS its previous order directing a status report by May 1, 2013, and DIRECTS defendants to provide a status report within thirty (30) days of the date of this order, which sets forth the status of state criminal proceedings arising out of the search and seizure alleged in the complain. To aid the court in its assessment of whether continued stay is warranted, the court directs defendants to provide charging documents or other materials evidencing the nature of the underlying conduct charged, sufficiently detailed to allow the court to assess whether plaintiff will likely have, or has already had, the opportunity in the state action to raise his constitutional claims. See Nivens v. Gilchrist, 444 F.3d 237, 241 (4th Cir. 2006) (Nivens II) ("in a typical state criminal trial a defendant can raise his constitutional claims as a defense to prosecution" and thus "has an adequate remedy at law.").

---

[1] See http://www1.aoc.state.nc.us/www/calendars.Offense.do?submit=submit&case=4202009004475&court=CRS.

5

## B.     Plaintiff's motion for injunctive relief

Although his motion and recent status reports are difficult to follow, plaintiff appears to seek injunctive relief in the form of a preliminary injunction and temporary restraining order to direct the state court to make a ruling in his criminal cases, or to otherwise direct state action. See DE # 107, 108. Plaintiff also appears to assert a new cause of action for injunctive relief based upon recent conduct in his state criminal prosecutions of which he has purportedly complained also to the North Carolina State Bar. See id. As plaintiff is complaining of conduct by state actors in his ongoing state court criminal proceedings, such claims fall squarely under the abstention doctrine in Younger. Further, where plaintiff seeks injunctive relief, such claims are subject to dismissal. See Nivens II, 444 F.3d at 247.

The United States Supreme Court has stated that the movant must establish the following to obtain a temporary restraining order or a preliminary injunction: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).   Here, due to Younger abstention, plaintiff has not demonstrated that he likely is to succeed on the merits, nor has he alleged facts necessary to demonstrate that he likely would suffer irreparable harm if his motion is not granted. Finally, plaintiff has not demonstrated that his request for injunctive relief is in the public interest or that the balance of equities tips in his favor. Accordingly, plaintiff's motion for a temporary restraining order and preliminary injunction will be denied.

## CONCLUSION

Based on the foregoing, the court AMENDS its February 19, 2013, order directing a status report by May 1, 2013 [DE 105] and instead DIRECTS defendants to provide a status report within thirty (30) days of the date of this order providing the status of state criminal proceedings involving underlying conduct at issue in this case, with accompanying documentation in accordance with the foregoing. Plaintiff's motion for temporary restraining order and preliminary injunction [DE 108] is DENIED.

SO ORDERED, this the 8th day of March, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge

7